UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Muhammad, | ) | C/A No. 3:11-2396-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Geo Care Justcare Department of Mental Health, | ) | **Report and Recommendation** |
| | ) | |
| Respondent. | ) | |

Petitioner, James Muhammad, proceeding *pro se*, has filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC for initial screening. Having reviewed the Petition in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.    Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se*

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Petitioner is challenging an order issued by the Aiken County Probate Court on August 16, 2011, which committed him to the South Carolina Department of Mental Health for evaluation. ECF No. 1, page 1. Petitioner claims that his commitment was based on "lies that my brother Travis stated that said I tried to kill him and my mom." *Id.* Petitioner states that he should be released from confinement because the time for evaluation has expired. *Id.* Petitioner also appears to seek monetary compensation for his commitment. *Id.* at 14.

Claims challenging involuntary commitments to mental institutions are cognizable under 28 U.S.C. § 2254. *See Miller v. Blalock*, 356 F.2d 273, 274 (4th Cir. 1966); *Bell v. Columbia Care Center*, C/A No. 9:08-cv-00906-GRA, 2009 WL 1269070 at *3 (D.S.C. May 7, 2009). However, a writ of habeas corpus under § 2254 can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ."

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the Petitioner." *Id.* at 911 (citations omitted), *abrogated on other grounds by U.S. v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011).[2] The instant Petition discusses previous cases filed by Petitioner in state and federal courts. However a review of the Petition reveals no facts to demonstrate that Petitioner has utilized his state court remedies to challenge the August 2011 order of commitment from the Probate Court. *See Argoe v. Three Rivers Behavioral Health, L.L.C.*, 392 S.C. 462, 471, 710 S.E.2d 67, 72 (2011)(outlining procedure for timely appeal of involuntary commitment order issued by a Probate Court). Since Petitioner has viable state court remedies which have not been fully utilized, this Petition should be summarily dismissed for lack of exhaustion. *See Galloway v. Stephenson*, 510 F.Supp. 840, 846 (M.D.N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.") It is further noted that monetary damages are not available in a habeas corpus action. *See Littlejohn v. South Carolina*, Civil Action No. 6:10-0745-RBH-WMC, 2010 WL 1664889 at *2 (D.S.C. April 2, 2010).

---

[2]Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition be dismissed *without* prejudice. See *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). Petitioner's attention is directed to the important notice on the next page.

November 1, 2011                                                        Joseph R. McCrorey
Columbia, South Carolina                                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).