IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James Muhammad, | ) | C/A NO. 3:11-2396-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Geo Care Justcare Department of Mental Health, | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On November 1, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without requiring a response from Respondents. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed responses to the Report on November 8 and 14, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed without prejudice.

Where the impediment which significantly restrains Petitioner's liberty is not the result of a state criminal conviction and sentence, such as in the circumstance of the pre-trial detainee and/or involuntary civil commitment of mental evaluation/treatment areas, the federal habeas corpus statute to be applied is 28 U.S.C. § 2241. *See*, *e.g.*, *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (pretrial detainee area); *Miller v. Blalock*, 356 F.2d 273 (4th Cir. 1966) (involuntary commitment for mental treatment). *See also Gaster v. South Carolina Dept. Corrections*, 67 F. App'x 821 at *1, n.* (4th Cir. 2003) (noting that "Although Gaster originally filed the petition under 28 U.S.C. § 2254, because he challenged the constitutionality of a state civil commitment, [it was] properly characterized it as a petition under 28 U.S.C. § 2241.").

"[A] state [confinee's] label for his claim cannot be controlling . . . ." *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002). Therefore, this matter should have been construed as a petition for relief under § 2241. However, a person seeking federal habeas corpus relief under § 2241 must still exhaust any state court remedies which might be available to him before bringing his petition in this court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition.") *Braden v. 30th Judicial Circuit Court of Ky.*,

2

410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (discussing *Braden*, 410 U.S. 484).

Petitioner has provided no evidence that he has exhausted his state remedies as is required before filing a petition in this court. Therefore, the petition is dismissed without prejudice and without requiring Respondents to file a return.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 16, 2011