IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James Muhammad, | ) | C/A NO. 3:11-2396-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Geo Care Justcare Department of Mental Health, | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* motion for reconsideration. ECF No. 21 (filed Nov. 30, 2011). As this motion was filed within twenty-eight (28) days of the entry of the judgment, it is considered under Rule 59 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e).

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990). Petitioner does not seek to reopen the judgment based upon the first two circumstances noted above. Therefore, it appears Petitioner seeks to reopen the judgment to prevent an alleged manifest injustice.

Petitioner presents argument that either could have been or was submitted in his complaint, and he presents no evidence which leads this court to reconsider its previous ruling.

Petitioner's motion for reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 6, 2011

2